### SOLOMON v. CLEVELAND (City) et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

T. J. Herbert, Cleveland, for Solomon.

C. Shuler, Cleveland, for City.

**801. MUNICIPAL LAW—1104. Statutes.**

Ordinances, of charter municipality, construed by same method as laws enacted by state legislature.

**291. CONSTITUTIONAL LAW.**

Statute should not be declared unconstitutional unless clearly and manifestly so. Court must uphold legislation, whenever possible by fair interpretation of Constitution.

**928. POLICE POWER.**

City council of Cleveland, under home rule charter, can forbid doing of acts deleterious and harmful to whole people.

**839. NEWSPAPERS AND PERIODICALS.**

City of Cleveland, under charter, has authority to pass ordinance making criminal, vending of papers and period-icals containing horse racing news. Such ordinance held not unreasonable since newspaper publisher has no property right in privilege of corrupting public morals. Not unreasonable because it applies to newspapers and period-icals published outside of city. Does not violate interstate commerce clause of U. S. Constitution, Art. I, Sect. 8. Not in conflict with provision of First Amendment of U. S. Constitution relating to freedom of press, since such provision does not extend to privilege of publishing and disseminating baneful and harmful matter.

**VICKERY, J.**

1. Same methods of construing laws prevail in applying constitutional prohibitions to charter cities as prevail in the construction of laws enacted by state legislature.

2. Judicial department of government should not declare statute of state unconstitutional unless it is clearly and manifestly so, and, so long as by any fair interpretation of Constitution, legislation can be upheld, it is duty of court to uphold it.

3· City council of City of Cleveland, operating under home rule charter, is acting as an arm of separate state within confines of city of Cleveland and under police power can legislate upon subjects and forbid doing of certain acts which are deleterious and harmful to whole people.

4. City of Cleveland, under its charter, had authority, in exercise of police power, to pass ordinance making criminal vending of papers and periodicals not entirely devoted to such matters, containing horse racing news and tips on horse racing.

5. Ordinance of city of Cleveland, making criminal selling newspapers or pediodicals containing horse racing news and tips on horse racing, and what purports to be tips on horse racing, held not oppressive as unreasonably interferring with their property or personal rights, since newspaper publisher has no property right in privilege of corrupting public morals.

6. Ordinance of city of Cleveland, making it a criminal offense to offer to sell newspapers or periodicals containing horse racing news and tips on horse racing, held not oppressive and unreasonable because it applies to newspapers and periodicals published outside of the city, since only a small proportion of people read outside newspapers.

7. Ordinance of city of Cleveland, making it criminal offense to offer to sell newspapers or periodicals containing horse racing news and tips on horse racing, held not to violate interstate commerce clause of the U. S. Constitution, Article I, Section 8, because it prohibits sale of newspapers published in other states.

8 Ordinance of city of Cleveland, making it criminal offense to offer to sell newspapers or periodicals containing horse racing news or tips on horse racing, held not to conflict with provision of First Amendment of U. S. Constitution, relating to freedom of press, since such provision does not extend to privilege of publishing and disseminating baneful and harmful matter.

(Sullivan, J., concurs. Levine, PJ., dissents.)

For reference to full opinion, see Omnibus Index, last page, this issue.